**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

SHERMAN DICKEY,                            :
                                           :
              Plaintiff,                    :
                                           :
       VS.                                  :
                                           :
IRWIN COUNTY DETENTION CENTER, :        NO. 7:11-CV-98 (HL)
*et al.*,                                   :
                                           :
              Defendants.                   :
_____  :        **O R D E R**

       Plaintiff **SHERMAN DICKEY**, a prisoner at the Irwin County Detention Center ("ICDC"),

has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  In an Order dated August 22, 2011

(Doc. 9), the Court determined that Plaintiff's complaint failed to name any valid Defendants.

Accordingly the Court ordered Plaintiff to recast the instant complaint to allege claims against

individuals employed at ICDC.  The Court also specifically told Plaintiff that he could not join

unrelated claims and informed him that he would not be allowed in one lawsuit to assert claims

involving events occurring, and personnel employed, at multiple jails.  The Court ordered Plaintiff

to:

       name as defendants every individual whom he alleges violated his constitutional right to
       medical care at ICDC and he should state the specific actions or omissions of each named
       defendant.  Plaintiff should include in his allegations the exact medical treatment he has
       received at the ICDC and why he believes such treatment was deficient.

Plaintiff was additionally advised that if he wished to bring claims arising at the Crisp County

Detention Center or the Jones County Jail, he should file separate civil rights complaints.

Plaintiff has submitted his recast complaint (Doc. 11).  Unfortunately, Plaintiff has failed to follow the Court's instructions in filing his recast complaint.  Instead of complying with the Court's August 22nd Order, Plaintiff has simply completed a new first page of this Court's standard section 1983 form.  The balance of Plaintiff's recast complaint remains identical to his original complaint.  Plaintiff thus continues not to name or otherwise identify any individuals responsible for the alleged unconstitutional conduct.

Plaintiff clearly suffers from a serious medical condition and the Court is sympathetic to his situation.  Unless Plaintiff sets forth specific allegations against specific individual defendants, it is not possible for this Court to screen Plaintiff's complaint as required or to serve the complaint upon any defendants who might be liable to Plaintiff.

By separate letter filed with the Court (Doc. 10), Plaintiff continues to request that he be released from custody.  As this Court informed Plaintiff in its August 22nd Order, release from jail is not an available remedy in a section 1983 lawsuit.  To seek release, Plaintiff must file a 28 U.S.C. § 2255 motion for habeas relief.

Based on the foregoing, the instant lawsuit is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing a new lawsuit in which he names responsible individuals.[1]

---

[1]     In another letter (Doc. 12), Plaintiff states that he is entering the hospital on August 29 and requests additional time to file lawsuits against Crisp and Jones Counties.  Plaintiff names such Counties as Defendants in both his original and recast complaints.  As discussed in this Court's August 22nd Order, however, the Counties are not proper Defendants to this action. Plaintiff must name or otherwise identify individual people as responsible defendants.

2

**SO ORDERED**, this 8th day of September, 2011.

_s/ Hugh Lawson_
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr